(70 South. 426)

No. 21436.

STROTHER v. MANGHAM.

(Dec. 13, 1915.)

(Syllabus by the Court.)

MINES AND MINERALS ☞47—OIL AND GAS—TITLE—OWNER OF SURFACE RIGHTS.

The doctrine that the owner of land has no property right in the oil or gas beneath the surface until he has reduced it to possession in no manner denies to such owner the exclusive right to the use of the surface for the purposes of such reduction, or for any other purpose not prohibited by law, but, to the contrary, concedes that right, as inherent in the title to the land, and subject only to the control of the state, in the exercise of its police power; and the right may be sold, as may any other right, and may carry with it the right to the oil and gas that may be found and reduced to possession.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 133; Dec. Dig. ☞47.]

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Action by Andrew Strother against A. F. Mangham. From judgment for defendant plaintiff appeals. Affirmed.

C. H. McCain, of Colfax, and Stephens & Raphiel, of Coushatta, for appellant. D. Edward Greer, of Beaumont, Tex., Thigpen & Herold, of Shreveport, and T. W. Nettles, of Coushatta, for appellee.

Statement of the Case.

MONROE, C. J. Plaintiff alleges that he executed an instrument in writing, which was duly recorded, and reads, in part, as follows:

"Be it remembered that, on this, 16th day of August, 1913, before me, S. M. Cagle, a notary public, * * * personally came and appeared Andrew Strother, * * * who stated and declared unto me, said notary, that he does, by these presents, grant, bargain, sell, convey and deliver all the oil, gas and (?) under the following described land, together with the right of ingress and egress, at all times, for the purpose of drilling, mining and operating for oil, gas, and water, and to conduct all operations, to erect storage tanks and other necessary structures on the surface of said land, and to lay all pipe lines for the production, mining and transportation of said oil, gas or water, and, if any is found, unto A. F. Mangham, * * * the following described property, to wit: Lot 3 in N. ½ of N. W. ¼ of section 21, township 13, range 10, situated in the aforesaid parish and state. * * * To have and to hold said described property unto said purchaser, his heirs and assigns forever. This sale is made for and in consideration of the sum of ninety dollars, cash, in hand paid, the receipt of which is hereby acknowledged. The purchaser being now present, stated and declared that he hereby accepts the above and foregoing sale and transfer. Thus done and passed," etc.

He further alleges that the Gulf Refining Company has recorded an instrument purporting to be a lease from Mangham of the property so described, "for the purpose of drilling, boring and mining for oil and gas, with the right of ingress and egress in and to his said described property for such purpose"; that said company "is not a lessee or third person in good faith," etc. He at-

tacks the purported conveyance from him to Mangham and the lease from Mangham to the company on various grounds, but the following constitutes the basis of his action, as relied on in the district court and as urged here, to wit:

"That oil and gas cannot be made the subject of sale; that the same is not susceptible of ownership and sale, separate and apart from the land and soil; that the same is too fugitive and wandering to be susceptible of any sale or attempted sale, there being none discovered at the time; that the same was void for lack of identification of the object."

The prayer is that the purported conveyance and lease be decreed null, and the inscription thereof ordered canceled, or, should the court find the lease to be binding, as against petitioner, that he have judgment for the money and oil, due and to become due thereunder.

There was judgment in the district court rejecting plaintiff's demands, and he prosecutes the appeal.

### Opinion.

"Agreements legally entered into have the effect of laws on those who have formed them. * * * They must be performed with good faith." C. C. art. 1901. "All things that are not forbidden by law, may legally become the subject of or the motive for, contracts. * * *" C. C. art. 1764.

The right of the plaintiff, as owner of the land, to drill for oil, gas, and water and reduce the same to possession and ownership was therefore subject to sale under the provisions of the Code above quoted, and the following, viz.:

"Art. 2449 [as amended and re-enacted by Act 126 of 1888]. Not only corporeal objects, such as movables and immovables, live stock and produce, may be sold, but also incorporeal things, such as a debt, an inheritance, the rights, titles and interests to an inheritance or to any parts thereof, a servitude or any other rights.

"Art. 2450. A sale is sometimes made of a thing to come: as of what shall accrue from an estate, of animals yet unborn, or such like other things, although not yet existing.

"Art. 2451. It also happens sometimes that an uncertain hope is sold; as the fisher sells a haul of his net before he throws it; and, although he should catch nothing, the sale still exists, because it was the hope that was sold, together with the right to have what might be caught."

The doctrine that the owner of land has no property right in the oil or gas beneath the surface, until he has reduced it to possession, in no manner denies to such owner the exclusive right to the use of the surface for the purpose of such reduction, or for any other purpose, not prohibited by law, but, to the contrary, concedes that right, as inherent in the title to the land, and subject only to the control of the state, in the exercise of its police power; and the right may be sold, as may be any other right, and may carry with it the right to t: e oil and gas that may be found and reduced to possession. Ohio Oil Co. v. Indiana, 177 U. S. 190, 20 Sup. Ct. 576, 44 L. Ed. 729; Rives v. Gulf Refining Co., 133 La. 178, 62 South. 623; Losecco v. Gregory, 108 La. 648, 32 South. 985; Queensborough Land Co. v. Cazeaux, 136 La. 724, 67 South. 641. There is therefore no error in the judgment appealed from, and it is accordingly affirmed.