THOMPSON, J.
 

 On October 28, 1918, the plaintiff sold to R. B. Oox 40 acres of land described in the petition and located in the parish of Webster, but reserved to itself all of the gas, oil, and minerals under said land for a period of 15 years, to ,date from December 29, 1916.
 

 On January 24, 1921, R. E. Cox sold the land to Cune Cox, no reference being made in said deed to the mineral rights.
 

 On June 30, 1923, the land was adjudicated to Warren Cox for taxes of 1922 assessed against Cune Oox.
 

 The mineral rights were not assessed and valued, either separately or in connection" with the land.
 

 Thereafter Warren Cox executed an oil and gas lease on the said land to R. R. Cox, and the latter on April 1, 1924, assigned the said lease to G. W. Cole.
 

 This suit is brought against Warren Cox and G. W. Cole to have the plaintiff decreed the owner, and quieting it in the possession of all the oil, gas, and other mineral rights in said land, in accordance with its reservation when said land was sold to R. E. Cox, and to have canceled and erased from the public records the oil and gas lease made to Warren Cox, and from him to G. W. Cole.
 

 The answer denies that the plaintiff is the owner of the oil and gas and other mineral rights, and.alleges title and ownership thereof in the defendants.
 

 - From a judgment in favor of the plaintiff the defendants have appealed.
 

 Opinion.
 

 The sole defense urged in defendants’ brief is the want of any legal right or cause of action in the plaintiff to claim the ownership of undiscovered oil, gas, and other minerals separate and apart from the land. The basis for this contention is that there can be no title or ownership of undiscovered oil and gas, independent of and apart from the land itself.
 

 The learned counsel cite and rely on the Frost-Johnson Lumber Company Case, 150 La. 863, 91 So. 207.
 

 In that case we said:
 

 “We may hold, and we do hold, that, no matter what the intention of the parties be, the owner of lands cannot convey or reserve the ownership of the oils, gases! and waters therein apart from the land in which they lie; and we so hold, because the owner himself has no absolute property in such oils, gases, and waters, but only the right to draw them through the soil and thereby become owner of them.”
 

 The doctrine thus stated had been announced in eight previous cases and has been reaffirmed in at least four cases since the Frost-Johnson Case. See cases noted in Exchange National Bank v. Head, 155 La. 310, 99 So. 272.
 

 But it does not follow, because of the principle so firmly settled, that the right to mine for the minerals named and to reduce them to possession cannot be made the lawful subject of barter and sale.
 

 In all of the cases to which we have referred, and in which it was held that oil and gas beneath the surface is not subject to ownership, as corporeal property, it was plainly and distinctly held that the grant or reservation of the oils and gases carried with it the right to extract such minerals from the soil; that such right was an incorporeal right—a real right or servitude.
 

 In the case of Lieber v. Ouachita Natural Gas
 
 &
 
 Oil Co., 153 La. 160, 95 So. 538, the court said:
 

 “In order to ascertain its nature, it may be said that, while it purports on its face to be a sale of the oil and gas in and under the land,
 
 *813
 

 and is
 
 expressly, by a stipulation in it, declared to be such, yet the law regards it as a mere conveyance or grant of the right to mine for those minerals, and to reduce them to possession and ownership, and not as a sale of them in their natural state, beneath • the surface.”
 

 From which it follows that, when the plaintiff reserved the oil, gas, and minerals under the land sold, it reserved the right to mine for such minerals and to reduce them to possession, and, this being a real, incorporeal right, the plaintiff unquestionably has a standing in court to vindicate and protect such right against any subsequent infringement or violation thereof, and against any claim or pretension arising subsequent to the plaintiff’s ownership.
 

 The plaintiff’s ownership of the mineral rights was not affected by the tax sale, and the purchaser at such sale and his vendee and lessee acquired no right or privilege to ¡mine for the minerals under said land, to the prejudice of the plaintiff’s existing and registered deed to such mineral rights.
 

 AS we have already stated, there was no assessment of the mineral rights, either with or separate from the land, and there could not have been, in view of section 21, article 10, Constitution of 1921, and in view of tire ruling in Shaw v. Watson, 151 La. 903, 92 So. 375.
 

 This view of the case renders it unnecessary to discuss the right of the plaintiff to redeem. There was nothing passed by the tax sale to be redeemed.
 

 The plaintiff, in answer to the appeal, has asked that the judgment he amended so as to read as follows:
 

 “And quieting it in its possession of all of the oil, gas, and other mineral rights in and to the property in question.”
 

 The judgment is accordingly so amended, and, as thus amended, is affirmed, at the cost of defendants in both courts.
 

 O’NIELL, C. J., concurs in the decree.