## LOWISH *v.* ROWLAND.

[No. 12,996. Filed December 9, 1927.]

1. CORPORATIONS.—*Ordinarily, stockholders' agreement not binding on corporation.*—Ordinarily, an agreement made by stockholders of a corporation is not binding on the corporation, but it may be where all of the stockholders join therein. p. 602.

2. CORPORATIONS.—*Stockholders' agreement to reconvey land conveyed to corporation upheld.*—Where all stockholders of a corporation executed an agreement to reconvey land conveyed to the corporation, the agreement will be enforced against it, after it has had the benefit of the land conveyed to it and has, pursuant to the contract, exhausted the coal therefrom, which was the purpose of the conveyance. p. 602.

3. MINES AND MINERALS.—*Deed and contemporaneous agreement to reconvey should be construed together.*—A deed of coal land to a corporation and a contemporaneous agreement of the stockholders thereof to reconvey the same to the grantors in the deed, after removing the coal therefrom, should be construed together. p. 603.

4. MINES AND MINERALS.—*Deed conveying coal land and contemporaneous agreement to reconvey after coal is exhausted equivalent to lease.*—A deed conveying coal land to a coal mining company and a contemporaneous agreement to reconvey the same after the coal is exhausted are equivalent to a lease for coal operating purposes. p. 603.

5. QUIETING TITLE.—*Court may determine plaintiff's interest in land conveyed to coal company with contemporaneous agreement to reconvey to her husband.*—In an action by a married woman to quiet title to land conveyed by her to a coal-mining company for coal purposes only, her interest therein may be determined although the action is based on an agreement by the coal company to reconvey the land to her husband, the conveyance and the contract being contemporaneous. p. 603.

6. QUIETING TITLE.—*Conclusion of law that plaintiff was entitled to quiet title against subsequent grantee was erroneous in absence of allegation and finding that such grantee had notice of plaintiff's rights.*—In an action to quiet title to coal land conveyed to a coal mining company, based on a contemporaneous agreement to reconvey the same to plaintiff after the coal was exhausted, a conclusion of law that the plaintiff was entitled to have her title quieted as against a subsequent grantee was erroneous in the absence of an allegation in the complaint and a finding that such grantee, at the time of loaning money on the land, to secure which the deed was executed,

had notice of the plaintiff's rights therein or that deed and contemporaneous agreement were duly recorded.   p. 604.

From Vigo Superior Court; *Earl M. Mann,* Judge.

Action by Lulu Rowland against Martin E. Lowish. From a judgment for plaintiff, the defendant appeals. *Reversed.*   By the court in banc.

*Cooper, Royse, Gambill & Crawford* and *Thomas H. Fittz,* for appellant.

*Presley O. Colliver* and *Richard A. Wernke,* for appellee.

THOMPSON, C. J.—Action by appellee against appellant. The first paragraph of complaint seeks to quiet the legal title to certain real estate in Vigo county, Indiana. The second and third paragraphs each allege an equitable title, which appellee seeks to quiet, averring facts therein substantially as in the special findings, by which it appears, so far as here involved, that on March 30, 1923, and prior thereto, appellee was the owner in fee simple of the real estate in question. On said date, she and David E. Rowland, her husband, conveyed said real estate to the Joan Collieries Company, a corporation organized under the laws of Ohio, and authorized to do business in Indiana. The only consideration for said deed was the agreement of the company to issue to David E. Rowland twenty-five per cent. of its authorized capital stock, and to George G. Rowland twenty-five per cent., and an agreement as follows:

"The undersigned, being all the stockholders of the Joan Collieries Company, and signed hereto as parties of the first part, and David E. Rowland, party of the second part, do hereby agree to make and deliver to David E. Rowland a contract of the Joan Collieries Company to make and deliver to said David E. Rowland a deed for the fifty-five (55) acres of land in Vigo County, Indiana, this day deeded by Lulu Rowland and David

E. Rowland to said company, at such time as said company shall have removed all the coal underlying said tract of land or shall have abandoned such land for coal operations. The purpose and intention being to hold and own said land only for coal purposes and upon completion of the removal of coal underlying said tract, to return by proper papers, the land.

"(Signed)   E. H. Wiggington,
"George G. Rowland,
"Benj. E. Jones,
"John Jones,
"Rowland Rowland,
"R. M. Wall."

The parties signing this agreement were, on March 30, 1923, the owners of all of the outstanding stock of such company, the grantee in said deed, and were the only stockholders thereof. On November 21, 1923, the Joan Coal Mining Company was incorporated under the laws of Indiana, and George G. Rowland, David Rowland, and Louis Clements were the incorporators. On January 17, 1924, the Joan Collieries Company conveyed by warranty deed to Joan Coal Mining Company all of its personal property and assets.

Prior to the formation of the Joan Coal Mining Company, the stockholders of that company had applied to appellant for financial assistance in the mining operations of the company. But he was unwilling to deal with a foreign corporation, and it was arranged between him and the stockholders of Joan Collieries Company that the property of Joan Collieries Company should be transferred to a corporation to be organized under the laws of Indiana, and that, after such corporation was organized and all the property of the Joan Collieries Company conveyed and transferred to it, he would receive therefor $50,000 of the bonds of the new company, to be secured by a first mortgage, and fifty-one

per cent. of the common capital stock of the new company should be deposited with him as collateral security for such loan. As part of said agreement, appellant was to hold the office of assistant to the treasurer of said Joan Coal Mining Company, and all checks, drafts, notes, bills and all papers necessary to be executed in connection with the financial matters of the company were to be signed by the company "By M. E. Lowish, Assistant to the Treasurer."

After the organization of the Joan Coal Mining Company, appellant from time to time advanced money to that company, and on January 18, 1924, the company executed to appellant its promissory note for $40,000, and on April 7, 1924, executed to appellant a first mortgage upon said real estate and the personal property belonging to the company, to secure said note. Said note was given in lieu of the $50,000 of bonds which the incorporators, prior to the incorporation of said company, had arranged to give to appellant.

On March 30, 1925, the Joan Coal Mining Company had ceased to do business and had ceased to mine coal.

George G. Rowland signed the paper purporting to be signed by the stockholders of the Joan Collieries Company at the time of the execution of the deed by appellee and her husband. George G. Rowland was the president of the Joan Collieries Company at the time that it made a deed to the Joan Coal Mining Company after the same was incorporated and was familiar with the extent and title of said Joan Collieries Company in said real estate.

Appellant now has possession of said real estate and has had such possession since March 30, 1925, the reasonable value of which is $3,500, and of the rental value of $200 per year. A demand was made on appellant on behalf of appellee for the possession of said real estate

prior to the filing of suit, but he declined to give such possession and still retains the same.

Appellant, on March 30, 1925, at the time he received a deed purporting to be executed by the Joan Coal Mining Company conveying to him said real estate, well knew that the only right that the Joan Coal Mining Company had therein was to remove the coal therefrom and that it was the duty of said company, upon the removal of said coal and the abandonment of the mine thereon, to return said real estate by proper conveyance to appellee. On March 30, 1925, and prior to the execution of said deed by the Joan Coal Mining Company to appellant, said company had removed all coal underlying said land and had abandoned it for coal operations, and for mining purposes, which fact was well known to appellant. Under the contract for the conveyance of said land, the Joan Coal Mining Company had no further interest therein, which was well known to appellant. Neither the Joan Collieries Company nor the Joan Coal Mining Company had any right at any time to the fee of such land. The right and interest of the grantees in the several deeds and conveyances herein alleged was limited to the right to hold said land only for the purpose of operating a coal mine thereon and the removal of the coal underlying said land.

Upon these findings, conclusions of law were stated in favor of appellee that she was entitled to judgment against appellant for the immediate possession of the real estate involved, and $250 damages for the unlawful detention thereof, and that her title to such real estate should be quieted as against appellant and all persons claiming under him. Judgment was rendered accordingly, from which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning as error the conclusions of law and the action of the court

in overruling his motion for a new trial, under which he presents that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

Appellant first challenges the force of the agreement of the stockholders of the corporation set out in the special findings by which it was agreed by them to make and deliver a contract for a deed reconveying the land that day conveyed to the corporation as soon as the corporation had removed all the coal from such land, or had abandoned the land for coal operation, expressly stating that "the purpose and intention being to hold and own said land only for coal purposes and upon completion of the removal of coal underlying said tract, to return by proper papers the land."

It is appellant's contention that an agreement made by stockholders of a corporation is not binding upon the corporation, citing a number of authorities to sustain his proposition. That this is generally true is conceded, and the authorities cited by appellant so hold. But in none of these cases was the action of the entire body of the stockholders involved. In *Colorado Springs Co.* v. *American Pub. Co.* (1899), 97 Fed. 843, 38 C. C. A. 433, the court says: "Where, by statute, the power to transact the corporate business is thus lodged in the directors, it seems to be well established that the stockholders cannot enter into contracts, either individually or while acting together at stockholders' meetings, *unless, indeed, all of the stockholders are in attendance at such meetings."* (Our italics.) Here there were but five stockholders at the time of making the contract, all of whom joined in its execution for the purpose of inducing appellee and her husband to convey the land to their corporation for coal purposes only. To permit these five stockholders, who, by their

agreement, have induced appellee to part with her property, to say, in effect, "Yes, we made the agreement and thereby secured to our corporation a deed for your land, but we as stockholders, though all of the stockholders, cannot bind our corporation, and therefore we have your deed, but our contract to reconvey it to you is void and so we will just keep it" is such a travesty on equitable principles that we do not see our way clear to be a party to it, which we would be were we to sustain appellant's contention.

As we view this case, the deed and the contract, being contemporaneous instruments, must be construed together, and, so construed, their force is that of 3, 4. a lease for coal operating purposes. In *Carr, Admr.*, v. *Hays* (1886), 110 Ind. 408, 11 N. E. 25, on page 408, the court says, with reference to a similar transaction: "The warranty deed of appellee to Pettit, and the written contract given by Pettit to appellee, were both executed the same day; each was the consideration for the execution of the other; they both constituted parts of one and the same transaction, and together they formed one and the same contract." Further, appellant's grantor, from whom he received conveyance with notice of appellee's equities, received the full benefit of the contemporaneous agreement, it having mined the coal from under said land, and abandoned it, and, upon the record before us, it cannot now be heard to say that it, or its stockholders, had no power to make the contract. *Lake Co. Agrl. Society* v. *Verplank* (1919), 71 Ind. App. 186, 189, 124 N. E. 494.

The contemporaneous agreement provided for a reconveyance to David E. Rowland, appellee's husband, instead of to appellee, but, notwithstanding this, 5. we think it sufficient to determine the interest in the land which was intended to be conveyed.

Had appellant had notice of the equities of appellee *before he loaned his money to the company*, taking a mortgage back to secure the same, assuming as we do that the mortgage was, at the time of the execution of the deed to appellant, still unsatisfied, and that the company was still appellant's debtor, his interest in the land would not be greater than his grantor's, but there is no finding that appellant had any notice of appellee's title to the land *at the time he was loaning the company money*, taking mortgage security therefor. Nor is there any finding that the deed from appellee and her husband to the company, and the contemporaneous agreement, were duly recorded. And there were no averments in the complaint of such notice or record.

It is to be noted that there was evidence that appellee's husband had a conversation with appellant a short time before the organization of the Joan Coal Mining Company, in which the husband told appellant that the only right that the company had in the real estate involved was an equity in the coal, and that, when operations ceased the real estate would revert to appellee, and that appellant at that time told the husband that the only right they (meaning, as we understand it, the company) had in the real estate was the coal rights, and that would be put in the deed. But there is no averment in the complaint to that effect, nor does it appear in the finding. Without such finding, the court erred in its conclusions of law.

The judgment is reversed, with instructions to grant a new trial.