No. 3644

Second Circuit

———

POWELL v. ROY

———

(November 7, 1930. Opinion and Decree.)

———

John B. Files, of Shreveport, attorney for plaintiff, appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, attorneys for defendant, appellee.

WEBB, J. · Plaintiff, J. C. Powell, was the owner of the S. E. ¼, E. ½ of S. W. ¼, S. E. ¼ of N. W. ¼ and S. W. ¼ of N. E. ¼ of section 35, township 19 north, range 15 west, of Caddo parish, La., less twelve acres owned by the Walker Hill Baptist Church, and also owner of the mineral rights in the S. E. ¼ of N. E. ¼ of the same section, township and range, the surface rights of which were owned by Mrs. May Radigan.

On August 4, 1927, Powell transferred to R. O. Roy certain property described as the S. E. ¼, E. ½ of S. W. ¼, S. E. ¼ of N. E. ¼ and S. ½ of N. E. ¼ of section 35, township 19 north, range 15 west, of Caddo parish, La., "less forty acres sold to Mrs. May Radigan," and on August 19, 1927, the parties signed an instrument purporting to correct the description of the property conveyed, in which instrument the property transferred was described as in the former instrument, with the exception that in the latter instrument the property excluded was designated as "that part sold to Mrs. May Radigan, as per deed recorded in Book 193 page 123, and also that part sold to the Walker Hill Baptist Church, recorded in Book 175 page 241.";

In the present action, plaintiff, Powell, contends that it was not the intention of the parties that the mineral rights in the S. E. ¼ of N. E. ¼ of section 35 should

be transferred, and prays for judgment decreeing that such mineral rights were not included in the description of the property; and, in the alternative, in event it should be held that such mineral rights were included in the description, then that the act of sale be reformed and the description of the property reformed so as to exclude such mineral rights.

On trial of the cause plaintiff's demands were rejected, and he appeals and urges that the court erred in rejecting his main demand, for judgment that such mineral rights were not included in the description of the property conveyed, and, in any event, that the court erred in rejecting his alternative demand, for judgment reforming the act of sale so as to exclude such mineral rights.

In presenting the cause here, as appears to have been the case in the trial court, learned counsel have devoted very little attention to the question as to whether or not the description of the property, as stated in either the instrument of date August 4, 1927, or that dated August 19, 1927, included the mineral rights in question, but have devoted their attention to the conflicting and contradictory statements of the parties relative to their intentions and their versions of what was said before and at the time the instruments were signed.

As stated, the testimony of the parties, who were the only witnesses called, is contradictory; plaintiff stating, in substance, that the mineral rights in question had never been considered, while defendant said that such rights were considered from the inception of the negotiations and that one of the purposes of drafting and signing the

instrument of date August 19, 1927, was to show that there was excluded from the transfer only that part of the property described which was owned by Mrs. Radigan, as shown by the title referred to as recorded in Book 193, page 123, of the conveyance records.

The call for the S. ½ of N. E. ¼ of section 35, as shown by the respective instruments, includes the S. E. ¼ of N. E. ¼ of the section, and we assume it will be conceded that in the absence of an express exclusion of the mineral rights in the S. E. ¼ of N. E. ¼, such rights, as between the parties, as well as such rights in the S. W. ¼ of N. E. ¼ of the section, were included in the description and passed to Roy, and that in the absence of positive proof that it was not the intention of the parties that such rights should be transferred, the instrument should be construed as written.

Considering the testimony of the parties, it cannot be said to have established that it was not their intention to convey and acquire the mineral rights in the S. E. ¼ of N. E. ¼ of section 35, and considering the title of Mrs. Radigan, as recorded in Book 193, page 123, which shows that she acquired the land subject to the prior reservation of the mineral rights, we are of the opinion that the only part of the S. ½ of N. E. ¼ of section 35 which was excluded from the transfer was the surface rights owned by Mrs. Radigan, and that the mineral rights owned by Powell, the vendor, passed to Roy, the vendee.

The judgment appealed from is therefore affirmed, at appellant's cost.