**GEORGE et al. v. MANHATTAN LAND & FRUIT CO. et al.**

No. 6079.

Circuit Court of Appeals, Fifth Circuit.

June 29, 1931.

S. L. Herold, of Shreveport, La., for appellants.

Edwin C. Hollins and Philip S. Gidiere, both of New Orleans, La., and Tinsley Gilmer, of Shreveport, La., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal presents the question whether the trial court erred in finding as it did, that appellee, Manhattan Land & Fruit Company, plaintiff below, was the owner of the mineral rights involved in this suit, and as such entitled to its decree against George and Nigh, appellants here, defendants in the court below.

Much testimony, both documentary and oral, was offered. The District Judge found that appellee had conveyed to George its land alone, reserving the mineral rights, and that Nigh was in no better position than George to claim the minerals, because the purported contracts and deeds of purchase between him and George to the mineral interest involved represented not a real, but a simulated, purchase.

It is contended here on the part of Nigh that these findings of the court are without evidence to support them, that George actually bought the minerals from the plaintiff, and that Nigh having purchased in reliance upon the record title to the minerals being in George, whether George did not in fact intend to buy the minerals, and whether Nigh knew that in fact he did not so intend, is equally immaterial. That the instrument in reliance upon which Nigh bought effecting a conveyance of the mineral interests of the appellee to George, Nigh's binding contract with George for their purchase vested him with a right in them which no prior unrecorded facts and no after occurring facts or transactions could affect.

Appellees on their part contend (1) that the court was right in finding as it did, that the minerals were not conveyed to George, and that the Nigh transaction was not real, but simulated. They further contend that if Nigh's purchase was real and not simulated, it yet is not effective to make his position better than that of George, because the instrument on which he relied was neither as to the consideration, nor the description, such an instrument as would support the plea of purchase on the faith of the public record. And, third, they contend that the instrument on which George and Nigh rely as a conveyance of the mineral interests is so wanting in description and consideration as that the interveners Harry and the Humble Oil & Refining Company, who purchased the mineral rights from plaintiff in reliance upon their reservation in the deed to George, would be protected as against the instrument under which Nigh claims, as purchasers from the plaintiff upon the faith of a record showing the mineral interests in it.

It will be noted that no contention is here made that Nigh was a bona fide purchaser within the meaning of that term as understood in equity, nor under the statutes and decisions of Louisiana could such a contention be made. Appellant is right in his claim that it is absolutely settled under the jurisprudence of Louisiana that one dealing with lands in Louisiana may look alone to, and

fully rely upon, the public records, Dalbey v. Continental Supply Co., 165 La. 636, 115 So. 807; Breaux v. Royer, 129 La. 894, 57 So. 164, 38 L. R. A. (N. S.) 982; McDuffie v. Walker, 125 La. 152, 51 So. 100; and that under this rule knowledge or notice of the true status of the title or of the existence of contracts or understandings affecting it, but not of record, in no manner prevents the acquisition of full title to the realty by one who is a real purchaser on the faith of the public record. John T. Moore Planting Co. v. Morgan's L. & T., 126 La. 840, 53 So. 22.

 It is also true that the same principle applies with equal force in favor of him who acquires a real right, such as a contract of sale, as of the one who buys the legal title itself, Herndon v. Wakefield-Moore Realty Co., 143 La. 724, 79 So. 318; Coyle v. Allen, 168 La. 504, 122 So. 596, for in the state of Louisiana the authorities give to him who holds a contract of sale with the right to specifically enforce it, to all intents and purposes the rights of him who holds a deed, Barfield v. Saunders, 116 La. 136, 40 So. 593; Lehman v. Rice, 118 La. 975, 43 So. 639; Girault v. Feucht, 117 La. 276, 41 So. 572; Baldwin v. Morey, 41 La. Ann. 1105, 6 So. 796.

██ Appellant correctly states the law of Louisiana upon a purchase on the faith of the record, when he says in his brief: "The question is not what kind of a right the defendant has, or what are the equities of his situation; the question is whether the plaintiff has a right which was spread upon the record, since it is settled, as a matter of public policy of the State, that in the absence of record such rights are wholly non-existent as to third persons. This nullity is not relative; it is absolute. It is not in favor merely of the holder of the legal title, it is in favor of third persons. Accordingly any one claiming any right in immovable property in Louisiana is protected against interference on the part of a plaintiff asserting a right not of record." Baker v. Atkins, 107 La. 490, 32 So. 69.

██ If therefore the instrument on which Nigh relies as a conveyance of the mineral rights to George had in law that effect, and if Nigh's purchase was real and not simulated, the decree was wrong, though the fact be as the record plainly shows that it was, that the instrument upon which he relied was not intended to have the effect he claims for it, and he knew it was not so intended. On the other hand, it is perfectly plain that one who has a claim of right recorded is protected against any dealings which others may attempt to have in derogation of that right, and that those who would assert against a clear reservation of mineral interests duly recorded, as was the case here, the claim of having dealt on the faith of a public record with another as the owner of those interests, must point to a record which by clear and definite description conveys them, and must prove either by the record or aliunde that this conveyance was upon a real consideration, not one merely nominal.

Since it is our view that the instruments executed and delivered by the plaintiff to and recorded by George as integral parts of one transaction construed together make it perfectly plain that the record title to the mineral interests at the time of Nigh's purported purchase was not in George but in plaintiff, we find it unnecessary to determine whether the District Judge was right in finding the transaction not real, but simulated, though the facts in evidence, particularly the telegram of George, dated June 7, to the president of the land company, "Did you retian eighth royalty in Plaquemines property; If so, will you sell all or part. Answer collect," sent twelve days after May 25th, the date on which Nigh claims to have contracted for the mineral rights from George, nine days after May 28th, the date on which Manhattan had sold the mineral rights to Harry, and on the very day Nigh claims to have made the purchase from George, strongly tend to support his finding. This view makes it also unnecessary to determine the effect upon Nigh's rights of the mineral lease from Manhattan to Harry.

██ We may assume, without deciding, that the Nigh purchase was a real transaction. We declare it ineffective as to plaintiff, because the instrument on which, if real, it was based was wholly ineffective both when construed by itself, and especially when construed with the instrument which was executed along with it, to vest George with any title of record in the minerals involved. Since upon the assumption that Nigh was a real purchaser he cannot be affected by any oral understandings or agreements, we do not find it necessary to set out any of the evidence except the substance of the four papers executed at the time George made his trade with Manhattan Land and Fruit Company, and the tax redemption certificate filed for record with them.[1]

---

[1] (1) A quitclaim deed from Manhattan Land & Fruit Company to George dated December 21, describing and conveying the lands in controversy subject to unpaid taxes, for a consideration of $1,000 re-

A brief survey of the jurisprudence of Louisiana will, we think, sustain the position we have taken.

It is the law of Louisiana, just as imperative as the principle above adverted to, that a purchase on the faith of the record protects a purchaser against off record equities and claims; that such purchaser must be able to point to a record which upon serious consideration and by clear description conveys the specific property in controversy. It has been held in Louisiana, Reinerth v. Rhody, 52 La. Ann. 2029, 28 So. 277; McLellan v. Penick (C. C. A.) 289 F. 366, 369, that the recitation of one dollar or five dollars and other considerations is not a sufficient recitation of consideration to support the deed. The instrument upon which defendant Nigh relies recites, "Now therefore, in consideration of the sum of one dollar and other good and sufficient considerations." A conveyance of land in Louisiana without description, or boundary or location, but merely as " 'all other lands owned by the vendor in the State of Louisiana,' is inoperative as notice to the public of any particular tract conveyed, if not void for want of description." Green v. Witherspoon, 37 La. Ann. 751; Succession of Mrs. Bradley, 8 La. App. 260; Ideal Savings & Homestead Ass'n v. Gould, 163 La. 442, 112 So. 40; Simar v. Ledoux (La. Sup.) 132 So. 125; Hargrove v. Hodge, 9 La. App. 434, 121 So. 224.

The instrument relied on by Nigh contains no description of any specific property, the only description being "all its present right, title and interest in and to all its lands in the Parish of Plaquemines, in the State of Louisiana." We think there can be no question but that such a description would not be sufficient to seize hold of particular property and support a claimed purchase of that property in reliance upon the public record.

We do not understand appellant to controvert the view that the instrument, taken by itself, was indefinite both in point of consideration and of description. We understand his position to be that it must be taken in connection with the quitclaim deed to George, dated December 21st, but really executed on the same day and filed for record with it. That that deed contains a full description of the land together with a reservation of the mineral rights in them, and shows a consideration of $1,000. That the instrument dated December 23d on which he relies, reciting the fact that the lands had been quitclaimed and agreeing to execute and deliver such other instruments as may be necessary to quitclaim to and vest in George all its lands in the parish of Plaquemines, must, in order to be given any effect, be construed as intending to convey and conveying the reserved mineral rights for a part of the $1,000 consideration. That the two instruments thus construed together, the one supplies and obviates the deficiencies of the other.

We agree with appellant that the instruments should be construed together, Lowish v. Rowland, 86 Ind. App. 597, 158 N. E. 913; Carr v. Hays, 110 Ind. 408, 11 N. E. 25, and that persons dealing with the record are charged with the information as to the state of the title which both together give. We do not agree that as so construed together they furnish any basis for the claim put forth by Nigh that they either intended or effected a conveyance of the mineral interests which they expressly reserved to the grantors. Instruments, to arrive at their full intent and meaning, must be construed as a whole. In such construction neither word nor clause in an instrument may live if it runs counter to the purport and tenor of the whole. Clement v. Dunn, 168 La. 394, 122 So. 122. In that case though the instrument in one clause expressly declared that it conveyed a fourth interest in the land, the court, construing the instrument as a whole, determined that its plain purpose was to convey title to one-fourth of the mineral interests only and refused to give effect to this plainly aberrant clause.

---

serving and excepting from the deed, however, all gas, oil, and other minerals.

(2) Three papers bradded together as one, each dated December 23, each referring to the quitclaim deed above as executed on the same day with it. (a) An instrument referring to the quitclam deed above and reciting, "In consideration of the foregoing and $1 and other good and sufficient considerations it is agreed" "That Manhattan Land & Fruit Co. will execute and deliver such other instruments as may be necessary to quitclaim to and vest in the said Samuel George all its present right, title and interest in and to all its lands in the Parish of Plaquemines, State of Louisiana," and it is further agreed that Manhattan gives George the right to redeem the lands from tax sale and take title in the name of the company, appointing him its agent to do so and further agreeing that a mandatory injunction may be had to enforce the agreement. (b) An affidavit of the president of Manhattan Land & Fruit Company that the company was the owner subject to tax sales of certain lands described in the deed first above set out. That the land is neither mortgaged nor incumbered and that he has the authority to execute the deed. (c) Consent by the stockholders to the execution of the quitclaim deed first above described.

(3) Certificate dated January 25, 1928, from the state land office that the Manhattan Land & Fruit Company had through George paid the delinquent taxes on the land described in the quitclaim deed first above, and that the lands are redeemed to Manhattan Land & Fruit Company.

It is the law in Louisiana as elsewhere that a conveyance of land by specific description, nothing else appearing, will convey the mineral rights of the grantor whether the mineral estate was then joined with or dismembered from the land. Powell v. Roy, 14 La. App. 663, 130 So. 629. It is also we think entirely plain that where a transaction such as the one in question here occurs, with a distinct reservation to the grantor of his oil and mineral rights, thus effecting a dismemberment of the ownership and separating it into two estates, one a real ownership in the land, the other an incorporeal ownership of a real right in the nature of a servitude not a real immovable, but classed as such because of the nature of the thing to which it adheres, Shaw v. Watson, 151 La. 893, 92 So. 375, 377; Frost-Johnson v. Salling's Heirs, 150 La. 756, 91 So. 207; Strother v. Mangham, 138 La. 437, 70 So. 426; Hanby v. Texas Co., 140 La. 189, 72 So. 933; VanderSluys v. Finfrock, 158 La. 175, 103 So. 730; Wilkins v. Nelson, 155 La. 807, 99 So. 607; Bodcaw Lumber Co. v. Cox, 159 La. 810, 106 So. 313; Iberville v. Texas Co., 14 La. App. 221, 128 So. 304; Palmer Corporation v. Moore (La. Sup.) 132 So. 229; Arent v. Hunter (La. Sup.) 133 So. 157; Wemple v. Nabors, 154 La. 483, 97 So. 666, no reasonable or fair construction of the second instrument in the light of the first could give it the effect of a conveyance upon consideration, or an agreement upon consideration to convey the mineral interests so carefully and fully reserved in the deed executed as a part of the same transaction, and upon the consideration which it recited of $1,000.

Appellant thus finds himself as to his instrument of reliance in the situation, if he relies upon it alone, of having an instrument ineffective for want both of consideration and of description, while if he looks to the other also, with the result that the defect in description is supplied, he finds the entire consideration absorbed by the terms of that deed with nothing left over for the second deed; and more—finds himself fully charged by the record with knowledge of the fact that carefully and completely plaintiff has reserved from sale all of the mineral rights in the lands involved.

Whether then the case is disposed of by consideration of the second instrument alone, or by consideration of both together, the instrument of reliance has not the effect claimed for it, and appellant cannot prevail.

The judgment of the court below is affirmed.