287 So.2d 637 (1973)
Clyde S. SIMMONS and John A. Simmons, Plaintiffs and Appellants,
v.
F. E. HERNANDEZ et al., Defendants and Appellees,
v.
SLIMAN ENTERPRISES, INC., Defendant-Third Party Plaintiff-Appellant.
No. 4375.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
Rehearing Denied January 21, 1974.
Writ Refused March 8, 1974.
*638 Godfrey & O'Neal by John P. Godfrey, Many, for plaintiffs and appellants.
Hall & Coltharp by L. H. Coltharp, Jr., DeRidder, Gold, Hall, Hammill & Little by Donald Sharp, Alexandria, Jack L. Simms, Jr., Leesville, for defendants and appellees.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This case arises out of an accident which happened when Mrs. Clyde S. Simmons, who was 66 years old at the time, fell in the entranceway of a hardwarefarm supply store in Leesville, Louisiana. This suit was originally brought by Mrs. Simmons and her husband against:
(a) the lessee, occupier of the building F. E. Hernandez, d/b/a Hernandez Hardware Co., and Hernandez Farm Supply, Inc.
(b) the lessee's insurerTraders and General Insurance Co.
(c) the City of Leesville, Louisiana.
Thereafter by amended and supplemental petition plaintiffs brought in as defendant, Sliman Enterprises, Inc., the owner-lessor of the building. Sliman Enterprises, Inc., thereupon filed a third party petition against defendant lessee and its insurer alleging that in the event they were found guilty of any negligence, according to the terms of a written lease between the parties, the lessor-owner was entitled to full indemnity from the lessee and its insurer. They additionally sought attorney fees for defending the action.
After trial on the merits, judgment was rendered in favor of the defendants, dismissing plaintiffs' suit at their cost. From that judgment plaintiffs, and also the defendant, Sliman Enterprises, Inc., have appealed.
The record shows that on June 16, 1971, a bright and clear day, at approximately 10:00 A.M. Mrs. Clyde Simmons fell when she stepped from the sidewalk toward or into the entranceway of the aforementioned place of business. In the fall she was projected forward some four or five feet into the doors of the business establishment, sustaining injuries to her head and a fracture of her right arm.
The entranceway can be described as follows: The street on which the store is located runs north and south with the defendant's business establishment being on the west side. The entrance to the store building, a steel grating, and the floor of the store building itself is level. However, because the street itself is located on a slight incline, the sidewalk is elevated several inches above the floor level of the store at the northern corner of the store facing the street. The same sidewalk surface drops below the floor level of the building as it proceeds southward, so that about the center of the entrance to the store there is a point where the sidewalk and the floor to the entrance are at the same level.
It was at this northern corner that plaintiff, while approaching from the north, turned to her right, stepping from the sidewalk into the entrance of the store. The elevation of the sidewalk at this point was approximately 1½-2 inches above the level of the store entrance.
On the day of the accident Mrs. Simmons and two of her close friends, Mrs. Clarence Woods and her daughter, Judy Bodie, had come to this section of Leesville to shop. They had been to other stores in the immediate vicinity and thereafter had come to the defendant's place of business in order to buy some plaster of Paris. As the three strolled in a southern direction, plaintiff, Mrs. Simmons, was *639 walking on the inside of the sidewalk, with the places of business to her immediate right. Mrs. Woods was walking next to plaintiff on the street side with Mrs. Bodie following behind.
Plaintiff testified that as she turned to leave the sidewalk and enter the store entrance she lost her balance and fell. She further testified that she had not been to this particular store for five or six years, that she did not know there was a step down from the sidewalk to the entranceway, and that she did not look to see if there was such a step down. Instead the plaintiff was concentrating her attention on the doors of the business establishment to determine if they opened into the store or out toward the street.
Mrs. Bodie testified that she herself saw the step down before Mrs. Simmons fell and that there was nothing to keep one from observing it. Neither she nor Mrs. Woods remembered any display of merchandise which might have diverted plaintiff's attention.
Plaintiffs allege that defendants (1) failed to maintain the sidewalk and building entranceway in a safe condition, (2) allowed a trap to be created by the deceptive drop off, and (3) breached their respective duties to the plaintiff-pedestrian-invitee. Defendants deny any liability to plaintiffs by virtue of strict liability under Civil Code Article 2322 or under traditional negligence theory, and alternatively allege the contributory negligence of Mrs. Simmons.
As has been often observed by the courts, when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence joined with an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence. For if the facts in our case disclose the existence of contributory negligence (negligence in the case of Article 2322) on the part of plaintiff, without which the accident would not have occurred, it would then be unnecessary for us to determine whether any or all of the defendants would be guilty of primary negligence or liable under Article 2322.
The trial court found the following:
(a) The accident was on a bright summer day with visibility good.
(b) The plaintiff had good eyesight and there was nothing to keep her from seeing the "step down" if she had looked.
(c) By her own testimony plaintiff was not looking at the entrance or the sidewalk when she turned to enter the building, but instead was concentrating her attention to the doors of the business establishment to determine if they opened out toward the street or into the store.
(d) The existence of the different levels at the point in question was apparent and obvious; no optical illusion existed to pedestrians approaching the entranceway.
(e) Many people had travelled over this area for at least 50 to 60 years without a mishap.
(f) Plaintiff had travelled on this street very often, although not to this exact store in the past 5 to 6 years, and had been in and out of the television cable station many times next door, which had similar footing.
The conclusion of the district judge was that the accident was due entirely to the inattentiveness of the plaintiff and her failure to observe the obvious and apparent circumstances as she turned to leave the sidewalk and enter the entrance of the building. He further concluded that the entranceway was a safe one, and not inherently dangerous or creating a trap for those exercising ordinary care and prudence. As a result defendants were not guilty of any negligence.
From a thorough investigation of the testimony and evidence presented we can *640 find no manifest error in the trial judge's conclusions as to the negligence of plaintiff Mrs. Simmons. Therefore we need not pass upon the conclusions of the trial judge as to the condition of the passageway and the consequent freedom of negligence on the part of the defendants.
In this Court plaintiffs urge as one of their assignments of error that the district court erred in its determination of the degree of care that a pedestrian must take under similar circumstances. They contend that:
(1) A pedestrian may assume that a sidewalk is safe and is not required to bolt his eyes to the pavement before taking every single step.
(2) There is no duty to see everything visible to the eye.
(3) There is an unquestionable right of a pedestrian to assume that the walkway is safe.
For the above propositions defendant cites Holbrook v. City of Monroe, 157 So. 566 (La.App.2nd Cir. 1934), and White v. City of Alexandria, 216 La. 308, 43 So.2d 618 (1949). In Holbrook the plaintiff stepped into an open water cut-off box only 2½ inches in diameter on the same level as the sidewalk. Therein the court stated:
"All that is required of a pedestrian upon a sidewalk is ordinary (emphasis ours) care and this does not necessitate his looking constantly where he is going. He has a right to assume the sidewalk is safe for travel, and where one sustains injuries by reason of the unsafe condition of a sidewalk, the burden to show that he was not using ordinary care, or contributed to such injuries by his own negligence, rests upon the corporation."
In White the Supreme Court reversed an appellate court decision allowing recovery for a sidewalk accident wherein the plaintiff fell when she struck her foot against an elevated part of the sidewalk while hurrying to church one night. The Court found that the irregularity was readily and easily observable both during the daytime and at night by anyone proceeding along the walk prudently. The Court therein also made the often quoted following statement:
"Thus, a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury. Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots.
For determining what is a dangerous defect in a sidewalk (that which renders the municipality responsible in damages to a pedestrian injured as a consequence thereof) there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable safe condition for persons exercising ordinary care and prudence."
As can be readily observed, plaintiffs' blanket assertions, when read in context with the entirety of the foregoing cases, *641 lend credence to the trial judge's conclusions in our case.
The "step down" in the entranceway was clearly and plainly visible. Plaintiff was walking in the daylight hour of ten o'clock in the morning. Mrs. Simmons can give no reason for not having observed the change in elevation. We must therefore conclude, as did the trial judge, that the sole and proximate cause of this accident was the inattention of Mrs. Simmons and her failure to observe what was clear and visible. We believe and so hold that had Mrs. Simmons exercised ordinary care she would have observed and avoided the uneven walk at her feet.
Plaintiffs further contend that the trial court erred in finding contributory negligence on the part of Mrs. Simmons without first finding that she was familiar with the hazardous conditions. After a reading of the numerous cited cases for this proposition it is obvious to this Court that it is not incumbent upon a defendant alleging contributory negligence to prove familiarity with the hazardous conditions before the defense can be proven. This is only one of the factors which can help substantiate this defense.
On the third party demand and appeal by Sliman Enterprises, Inc. for attorney fees allegedly owed it by defendant-lessee and its insurer, we must turn to the language of the lease contract. Under that lease, the lessee agreed as part of the consideration of the lease "to take out and pay for a policy of liability insurance to protect said Lessors and itself from any loss caused by, or resulting from, any such personal injury or property damage." (emphasis ours). As can readily be seen this liability clause does not specifically provide for attorney's fees. As we said in Roberie v. Sinclair Refining Co., 252 So.2d 488, 497 (La.App.3rd Cir. 1971):
"Our jurisprudence is well settled that attorney's fees may not be allowed unless they are particularly authorized by law or by the contract between the parties. Chauvin v. La Hitte, 229 La. 94, 85 So. 2d 43 and cases cited therein. This court has specifically held that general liability clauses which require one party to indemnify another and hold him harmless from all cost and damage which the latter might suffer, do not encompass liability for attorney's fees within their purview, and we consider ourselves bound by our prior decision in this regard. E. E. Rabalais & Son, Inc. v. United Bonding Ins. Co., La.App., 226 So.2d 528, writ refused, 254 La. 862, 227 So.2d 597. If it were intended between the parties that attorney's fees were to be included in the hold harmless and liability clauses, it would have been a simple matter to so specifically provide."
Accordingly, we feel that Third Party Plaintiff, Sliman Enterprises, Inc., is not entitled to recover attorney's fees for its defense of the present suit.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed in the proportions of three-fourths to plaintiffs-appellants, Mr. and Mrs. Simmons, and one-fourth to third party plaintiff-appellant, Sliman Enterprises, Inc.
Affirmed.

ON APPLICATION FOR REHEARING
PER CURIAM.
In our original opinion we used the following language in refacing our discussion of the plaintiff's contributory negligence: "For if the facts in our case disclose the existence of contributory negligence (negligence in the case of Article 2322) on the part of plaintiff, without which the accident would not have occurred, it would then be unnecessary for us to determine whether any or all of the defendants would be guilty of primary negligence or liable under Article 2322."
*642 This language was not intended to conflict with the Supreme Court decision of Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971), wherein Justice Barham indicated that in strict liability situations negligence is not an ingredient of fault, nor is contributory negligence a defense. However, assumption of risk was held to be a defense to strict liability. Assumption of risk was not pleaded in the present suit. Therefore, from the Langlois interpretation we are dictated in our case to first make a determination upon strict liability before we can turn to negligence and contributory negligence theory. The trial judge, in denying the application of strict liability, found that the entranceway in question was a safe one, and not inherently dangerous or creating a trap for those exercising ordinary care and prudence. Under the facts elicited at trial and the evidence presented, we concur in this finding and so hold that the defendants were not liable by virtue of strict liability theory.
With this clarification, we deny the application for rehearing.