PER CURIAM.
Upon a review of the record and briefs filed in this cause we initially decided to affirm on the authority of Tillman v. State, Fla.App.2nd, 1973, 287 So.2d 639, cert. dismissed, Fla., 285 So.2d 417, 617, the cases cited therein, and Bankston v. State, Fla.App.2nd, 1973, 279 So.2d 326. However, in light of the dissenting opinion filed by Chief Judge Mann, we feel constrained to add the following:
In 1970, appellant was imprisoned in a correctional institution in the State of Florida, serving a sentence for the commission of another crime. Upon the promulgation of the Speedy Trial Rule in 1971, the record reflects that the earliest point in time at which his speedy trial period would have commenced under CrPR 1.191(b)(1) [now 3.191(b)(1)] would have been in July of 1970. Since he was charged with a crime of violence and had not moved for a speedy trial, the time within which he could have been tried would have run until July of 1972, unless it could be said that the cutoff date for trials during the transitional period of the Speedy Trial Rule (September 27, 1971) applied, not only to one in custody for the crime for which he was entitled to a speedy trial, but, also, to one already in custody for another crime. Thus, when he entered his plea on April 20, 1972, it was legally debatable whether he would have been entitled to discharge under the Speedy Trial Rule. Consequently, the record is sufficient to refute the appellant’s contention that he was improperly advised to enter a negotiated plea of guilty whereby the state nolle prossed two of four counts.
Affirmed.
BOARDMAN and GRIMES, JJ., concur.
MANN, C. J., dissents with opinion.