DOUCET, Judge.
Plaintiffs, Elgie Mae Savoie LaFleur and Patricia Savoie Oubre, brought this suit to recover damages arising out of the installation of part of a gas lift system on their property in St. Landry Parish. The system was installed by defendants, Brown & McKenzie, Inc., Michael McKenzie, Terry V. Bills, Jr., and Goldking Production Company, to secure secondary recovery from an oil well on neighboring property.
The system consisted of three lines made of 2V2 inch pipe, which were laid across 3,373 feet of land belonging to plaintiffs. When it was installed in November or December of 1972, defendants did not have a servitude. Plaintiffs had no knowledge of the trespass until after the installation had been completed and defendants contacted them about obtaining a right-of-way. Even then, they were not apprised of the extent of the system. They believed that it consisted of only one 2V2 inch pipeline. Plaintiffs filed suit, seeking $40 per rod for the servitude unlawfully taken, plus damages caused by construction. Alternatively, they sought the removal of the pipeline.
After a trial, the district court rendered a judgment granting defendants a servitude for one 2V2 inch pipeline to be used to service one particular well. The servitude was to terminate upon the abandonment of the well. Defendants were ordered to pay plaintiffs the sum of $3,000 for the servitude granted and damages to date. Plaintiffs’ rights to future damages were reserved.
Defendants appealed, and the judgment was reversed by this Court. Savoie v. Bills, 317 So.2d 249 (La.App. 3rd Cir. 1975). Judgment was rendered in favor of plaintiffs, ordering defendants to remove the pipeline, and the case was remanded to the district court for a determination of the damages to which plaintiffs were entitled because of the illegal construction of the pipeline on their land.
*856 Before further action could be taken by the district court, the parties entered into a compromise agreement. Plaintiffs granted defendants a servitude for the sum of $40 per rod, or a total of $8,180. The agreement also provided for defendants’ payment of $5,000 in damages for their trespass, plus an additional $40 per rod for any additional pipelines laid across plaintiffs’ property in the future. Plaintiffs also signed and delivered to defendants an instrument styled a “Receipt and Release of Claim”, by which they discharged defendants from any liability to them, arising out of any claim and demands made in the suit, which had been remanded.
In March of 1977, the Colorado Pipeline Company, which had a pipeline running in a different direction across plaintiff’s property, retrenched their pipeline in order to put it deeper into the ground. When they did so, the three lines, which had been laid by defendants, were unearthed. It was then that plaintiffs first learned of the fact that there were actually three 2lh inch lines, rather than one. Plaintiffs filed the present suit, seeking damages for trespass, attorney’s fees, and the removal of the two extra lines. Alternatively, they seek payment of $40 per rod each for the extra lines.
Defendants filed the peremptory exception of res judicata, alleging that the cause of action on which this suit is founded was disposed of in the compromise agreement that was executed as a result of the previous suit. The exception was overruled, and the case was tried on the merits. The trial judge found that defendants had allowed plaintiffs to believe that there was only one line, which was the subject of the first lawsuit and the subsequent “Receipt and Release of Claim” and the right-of-way agreement. He further found that in the original trial held in the district court, it was not disclosed that the system included more than one line, nor was that understood to be the case when this Court reviewed the original suit. He concluded that plaintiffs had labored under a unilateral error of fact, which was the principal cause for entering into the compromise agreement. Judgment was rendered in favor of plaintiffs and against defendants in solido, ordering them to pay the sum of $5,000 as damages for trespassing and to remove the additional lines. Plaintiffs’ rights to seek additional damages occasioned by their removal were specifically reserved.
Defendants appealed, and plaintiffs answered the appeal, seeking an increase in the amount of the damages awarded for the trespass, an additional $16,300 as payment for the two additional lines, and $5,000 as attorney’s fees.
The position adopted by defendants on appeal is that the exception of res judicata should have been sustained, because the cause of action on which this suit is founded was compromised in the settlement of the earlier suit. They argue that plaintiffs were fully apprised of the fact that there were three lines when the earlier suit was brought and when the compromise agreement was executed. They also contend that the fact that there were three lines was made known to the district court and to this Court when the earlier litigation took place. Alternatively, they argue that if plaintiffs labored under an error of fact, the entire compromise agreement should have been rescinded, and the $13,180 that they paid to plaintiffs should have been returned to them.
Plaintiffs, on the other hand, contend that defendants fraudulently concealed the fact that there were three lines and that they did not intend to give up their right to claim damages for the two extra lines. They argue that under LSA-C.C. Art. 1881, they have the option of demanding the rescission of the compromise agreement because of defendants’ fraud. However, they claim that they do not want it rescinded, because under the agreement, they are entitled to retain the $13,180 that defendants have already paid and to demand additional payment and damages for the two extra lines.
The first issue which must be resolved is whether defendants have proved their allegations of fraud. A finding of legal fraud must be based on proof of its *857 two essential elements: the intention to defraud and either loss or damage, or a strong probability of loss or damage. Hall v. Arkansas-Louisiana Gas Co., 368 So.2d 984 (La.1979). Fraud is never presumed. The party alleging it has the burden of establishing it by clear and convincing proof, not simply by a preponderance of the evidence. Hall v. Arkansas-Louisiana Gas Co., supra; Karst v. Fryar, 361 So.2d 1344 (La.App. 3rd Cir. 1978).
After carefully reviewing the evidence in the record in light of those principles, we find that plaintiffs have established beyond reasonable doubt that defendants are guilty of fraud. We believe that the record of the earlier suit, which was introduced into evidence, shows clearly that the true facts were not made known when the case was tried or when it was reviewed by this Court. Defendants deliberately concealed the fact that the system consists of three lines for the purpose of depriving plaintiffs of the full extent of the compensation to which they are entitled for the unauthorized use of their property. Having found that plaintiffs were the victims of defendants’ fraud, we must determine what effect it had on their compromise agreement and what effect the agreement has on plaintiffs’ demands in this suit.
Four things are necessary for a contract to be valid: the parties must be legally capable of contracting; their consent must be legally given; there must be a certain object, which forms the matter of agreement; and the contract must have a lawful purpose. LSA-C.C. Art. 1779. When the consent of a party is obtained as a result of fraud, the contract is voidable under LSA-C.C. Arts. 1847-1849. However, the victim of the fraud can elect to demand the contract’s enforcement. LSA-C.C. Art. 1881.
In the case at hand, plaintiffs have demanded the contract’s enforcement. This raises the issue of what effect the compromise agreement has on their rights to seek the relief demanded in this suit. Defendants contend that the agreement precludes such relief and that their exception of res judicata should therefore have been sustained. Due to the particular circumstances of this case, we believe that LSA-C.C. Art. 3073 is applicable, rather than the articles pertaining to errors of fact, which were alluded to by the trial judge. Article 3073 provides:
“Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises.”
It is abundantly clear from the evidence in the record that the differences that existed between the parties when the compromise agreement was executed did not extend to the two lines that plaintiffs were unaware of. Therefore, plaintiffs’ renunciation in the contract of all claims and demands “which they have or may have” against defendants does not encompass the claims made in this suit, and the judgment overruling the exception of res judicata was correct. LSA-C.C. Art. 3073; Succession of Ramp, 252 La. 660, 212 So.2d 419 (1968).
Having found that this suit was properly brought, we must determine whether the relief granted by the trial court is sufficient. As we noted earlier, the trial judge awarded plaintiffs $5,000 as damages for trespass and ordered defendants to remove the two additional lines. Plaintiffs have answered the appeal, seeking an increase in the amount of damages for trespass, plus payment of $40 per rod for the additional lines. Their demands for payment for the extra lines is based on the compromise agreement. We believe that it is clear from a reading of the agreement, however, that it contemplates payment for lines to be laid in the future, rather than lines that had already been laid. The trial judge apparently agreed with that view, *858 since he ordered their removal, rather than awarding payment for them. We find no error in that ruling.
With regard to the increase in the amount of damages for trespass, which has been requested by plaintiffs, we do not find, after reviewing the evidence, that the trial judge has abused his “much discretion” under LSA-C.C. Art. 1934. Absent a finding of abuse of discretion, we are not free to tamper with the trial court’s award. Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506 (La.1978).
The only remaining issue is whether plaintiffs are entitled to the attorney’s fees that they have requested. Our jurisprudence is well settled that attorney’s fees are not allowable unless they are particularly authorized by law or a contract between the parties. Simmons v. Hernandez, 287 So.2d 637 (La.App. 3rd Cir. 1973). We know of no authority for awarding attorney’s fees in this case.
For the above and foregoing reasons, the judgment appealed by defendants is affirmed. All costs of this appeal are assessed to the defendants.

AFFIRMED.