JASPER E. JONES, Judge.
Morelle Hollis and Burl Hollis, defendants, appeal a judgment which enforced an agreement to partition in kind approximately 200 acres of land which had been executed between plaintiff, M. C. Roberson, and the vendors from whom appellants acquired their undivided 142.2 acres in the 200 acre tract.
The description of the land involved in this partition suit is:
SW-!4 of SE-Vi and the S-V2 of the SW-Vi, Section 35, T 22 N, R 3 W and the N-V2 of the NW-Vi of Section 2, T 21 N, R 3 W all in Union Parish, Louisiana, containing 200 acres more or less.
On August 4, 1975 Joseph Ruffin Beaird, his wife Lois Byrom Beaird, and M. C. Roberson executed an agreement to partition in kind which provided:
“. .. Melton C. Roberson is in the process of attempting to purchase a sixty acre interest in the following described property, to-wit:
SouthWest Quarter of SouthEast Quarter and South Half of SouthWest Quarter and the SouthWest Quarter of SouthEast Quarter of Section 35 Township 22 North, Range 3 West and the North Half of NorthWest Quarter of Section 2 Township 22 North, Range 3 West.
It being agreed and understood that Joseph Ruffin Beaird and Lois Lucille Beaird are the owners of the remainder of the hereinabove described tract. All the parties to this act agreed in the event Melton C. Roberson is successful in obtaining the sixty acre interest, the parties will partition and divide the property as follows:
Melton C. Roberson shall take all of the Southwest Quarter of SouthEast Quarter east of the public road traversing said forty, plus a strip wide enough across the North side of South Half of SouthWest Quarter and SouthWest Quarter of SouthEast Quarter to make sixty acres in all.
In turn Melton C. Roberson will transfer unto Joseph Ruffin Beaird and Lois Lucille Beaird the balance of the above described tracts . . . . ”
This agreement was recorded in the conveyance records of Union Parish on the date of its execution.
On August 2, 1976, Joseph Ruffin Beaird and Lois Byrom Beaird sold their undivided interest in the 200 acre tract to appellants. The deed was recorded on August 4, 1976. This deed contained an error in the description, but it was corrected in the judgment appealed from in response to a reconven-tional demand and a third party demand that was filed by appellants against their vendors who were made third party defendants in this action. Neither the third party defendants nor M. C. Roberson has appealed the judgment or answered the appeal.
The vendors testified they did not discuss with appellants their agreement with Roberson to partition the land, and their deed to appellants contained no reference to it.
On April 19, 1978, Mr. and Mrs. Beaird and M. C. Roberson executed a correction document entitled “Act of Correction and *847 Reformation” wherein they corrected typographical errors in the description of the 200 acres reflected in their agreement to partition. This correction instrument acknowledged that the Beairds owned an undivided 142.2 acres in the tract (140 owned by Mr. and Mrs. Beaird, and 2.2 owned by Mrs. Beaird) and that Roberson was attempting to acquire from the heirs of Till-mon G. Barrett and Martha Burdette Barrett the remaining undivided 57.8 acres in the tract rather than 60 acres as was initially set forth in the agreement to partition.
At the time of the correction document M. C. Roberson had acquired the 57.8 undivided acres from 33 Barrett heirs, and the reason why he couldn’t acquire the remaining 2.2 acres to make the full 60 acres, which the parties initially contemplated, was that 2.2 undivided acres had been inherited by Mrs. Beaird who was also an heir to Tillmon and Martha Barrett, and she had earlier sold it along with the undivided 140 acres owned by her and her husband to appellants on August 2, 1976.
On the same date that the act of correction was executed Mr. and Mrs. Beaird executed a quit claim deed to M. C. Roberson conveying the 57.8 acres that he was to have received by the terms of their corrected agreement to partition.
Plaintiff sued appellant seeking to be recognized as owner of the 57.8 acre tract praying:
“that there be judgment. . . decreeing petitioner to be the owner of that. . . parcel of land as set forth in that certain Act of Partition and Division dated August 4, 1975... as amended by the Act of Correction. . .and in accordance with the quit claim deed...”
Appellants denied plaintiff was entitled to the partition in kind and reconvened for a partition by licitation.
The trial court found that by the terms of the partition agreement that M. C. Roberson was to acquire all the undivided interest of the co-owners, other than the interest owned by the Beairds, and “that M. C. Roberson satisfied the suspensive condition.” The trial court held the property should then be partitioned in accordance with the partition agreement which was recorded at the time appellants acquired the property from Mr. and Mrs. Beaird.
The quit claim deed adds no strength to plaintiff’s claim for partition in kind because the grantors had sold their interest in the property to appellants 20 months before it was executed.
In some of the deeds wherein Roberson acquire the 57.8 acres the vendors reserved part of the minerals, and the parties stipulated that he did not acquire approximately 15 acres of the minerals in the 57.8 acres that he acquired in his attempt to comply with the agreement to partition.
In the judgment which partitioned the property in kind the minerals were expressly left undivided:
“That this judgment shall not affect the mineral ownership of any party to this suit or proceeding or the mineral ownership of any person who has any such mineral ownership interest in all or any portion of the property described herein.”
Appellants’ only assignment of error is that Roberson was not entitled to the partition in kind as set forth in the agreement of August 4, 1975 because he failed to comply with the conditions of that agreement for the reason that he did not acquire perfect ownership to the 57.8 acres because of the numerous mineral reservations contained in his deeds of acquisition.
We agree with appellants’ contentions because the agreement to partition contemplated that the parties to the partition would each receive a good title to the tract of property he was to receive in the partition.
In the decision of Foster v. Spann, 170 La. 1019, 129 So. 622 (1930), the court recognized that warranty applies in an Act of Partition:
“In an act of partition, each party thereto warrants to the other the interest in the property conveyed by him, whether reference be made to warranty or not. Rev.Civ.Code Arts. 1384, 1385, and 1387.” Id. 129 So. at 626.
*848 See also the recent supreme court case of Cheramie v. Cheramie, 391 So.2d 1126 (La.1980), where in footnote two the court stated:
“In a partition, the coheirs warrant to each other the property falling to each against disturbance and eviction from a cause arising before the partition. La.Civil Code Art. 1384.” Id. at 1127.
In Succession of Ramp, 252 La. 660, 212 So.2d 419 (1968), the court explained the purpose of a partition as follows:
“The purpose of partition is to do away with fractional ownership and to make perfect each co-owner’s title or ownership in individual physical shares.” Id. 212 So.2d at 422.
In Roemer v. Caplis, 369 So.2d 1186 (La.App.2d Cir.1979), we said:
“It is a fundamental rule of law that a conveyance of land carries with it all of the incidents of ownership, including miner ai rights, except such rights as may be expressly reserved. Dillon v. Morgan, 362 So.2d 1130 (La.App.2d Cir.1978); Herring v. Price, 4 So.2d 17 (La.App.2d Cir.1941), writ denied (1941); Powell v. Roy, 14 La.App. 663, 130 So. 629 (2d Cir. 1930).” Id. at 1193.
See also George v. Manhatten Land & Fruit Co., 51 F.2d 28 (5th Cir. 1931).
A review of the August 4, 1975 agreement to partition reflects that it contains no provision for a reservation of minerals in the partition in kind which the parties there agreed upon. The agreement under the cited jurisprudence required the parties to convey perfect ownership of the tract to be received by each because it contained no express agreement that the minerals were to be excluded from the partition in kind and that only the surface was to be partitioned.
Appellants acquired the interest of the Beairds subject to the agreement to partition which was upon the public records, and were entitled to rely upon the provisions of that agreement. Roemer, supra, and cases cited therein.
Appellants are not required to accept the 142.2 acres which they would receive in the partition in kind subject to the numerous mineral servitudes that have been created in the deeds where Roberson acquired the undivided 57.8 acres.
We also note that the trial court’s judgment which divided the surface and left the minerals between the surface’s co-owners undivided created a mineral servitude co-owned by Roberson and appellants. See GMB Gas Corp. v. Cox, 340 So.2d 638 (La.App.2d Cir.1976). In order for appellants to utilize their interest in the servitude they would be required by LSA-R.S. 31:175 to obtain the consent of their co-owner Roberson unless their actions could be justified to prevent waste or destruction of the servitude under the provisions of LSA-R.S. 31:176.
Appellants are correct in their contention that the agreement to partition required them to receive the minerals under the surface acres which they would acquire in the partition. Roberson cannot comply with conditions of the agreement because he failed to acquire perfect ownership to the undivided 57.8 acres that he was to have received in the partition, and he is not entitled to demand performance of the agreement to partition in kind.
The parties stipulated that if the agreement to partition in kind was unenforceable, that there should be a judgment ordering the partition of the tract by licitation pursuant to appellants’ reconventional demand.
We amend the judgment to reverse and set aside the following provisions thereof:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the original plaintiff, M. C. ROBERSON, and against the defendants, MORELLE HOLLIS and BURL HOLLIS, decreeing plaintiff, M. C. ROBERSON, to be the owner of the following described property, to-wit:
All of the Southwest Quarter of the Southeast Quarter (SW/4 of SE/4) of Section 35, Township 22 North, Range 3 West, lying and situated East of Un *849 ion Parish Road No. 9301, plus a strip wide enough across the North side of the South Half of the Southwest Quarter (S/2 of SW/4) and the Southwest Quarter of the Southeast Quarter (SW/4 of SE/4) of Section 35, Township 22 North, Range 3 West, so as to comprise a total of 57.8 acres more or less.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of the defendant in reconvention, M. C. Roberson, and against the plaintiffs in reconvention, Morelle Hollis and Burl Hollis, rejecting their demand for a partition by licitation.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that this judgment shall not affect the mineral ownership of any party to this suit or proceeding or the mineral ownership of any person who has any such mineral interest in all or any portion of the property described herein.”
We order that the following described property be partitioned by licitation in accordance with law:
The Southwest Quarter of the Southeast Quarter (SW/4 of SE/4) and the South Half of the Southwest Quarter (S/2 of SW/4), Section 35, Township 22 North, Range 3 West, and the North Half of the Northwest Quarter (N/2 of NW/4) of Section 2, Township 21 North, Range 3 West, all in Union Parish, Louisiana, containing 200 acres, more or less.
As AMENDED we AFFIRM the judgment and assess costs on appeal equally to the litigants.