LABORDE, Judge.
This case arises from the pathetic behavior of a Roman Catholic priest in the Diocese of Lafayette, Louisiana. We affirm the judgment of the trial court dismissing the suit by granting defendant’s exception of no cause of action, and adopt its written reasons for ruling as our own:
“This matter is before the Court on exceptions of no cause or right of action and res judicata filed by the following defendants: The Roman Catholic Church of the Diocese of Lafayette, Bishop Gerald L. Frey, The Roman Catholic Church of the Archdiocese of New Orleans, Archbishop Phillip M. Hannon, Parish of St. John at Henry, Louisiana, St. James Missions Chapel at Esther, Interstate Fire & Casualty Company, Preferred Risk Mutual Insurance Company, Centennial Insurance Company, Underwriters at Lloyds of London, Pacific Employees Insurance Company, Houston General Insurance Company and Firemans Fund Insurance Company. The plaintiffs filed this petition in recission [sic] to have a portion of a compromise agreement annulled as to their individual claims. The above-named defendants urge the exceptions on the ground that the compromise agreement settled whatever claims the plaintiffs had in this matter. After hearing on the exceptions, the Court allowed counsel additional time to file briefs and took the matter under advisement.
The plaintiffs seek to annul the agreement as to their claim for the loss of consortium and society of their minor child. The compromise agreement, which forms a part of the pleadings in this case, states as follows:
‘... (The plaintiffs) release, acquit, discharge and covenant to hold harmless, and forever discharge ... (persons, including above named defendants), of and from any and all claims, demands, actions and causes of action for damages, compensation, court costs, attorneys fees, penalties, interest, expenses and loss of any and every kind whatsoever, whether or not of the kind enumerated, directly or indirectly sustained or suffered by either of us and by the minor named above on account of, or in any way growing out of any and all known and unknown physical, mental and emotional injuries, medical expenses and property damage past, present and future ... ’
The plaintiffs seek to set aside the agreement primarily on the ground that they did not know they had an action for loss of consortium. It is clear that this is an error in law on the part of the plaintiffs. See Brewster vs. J.C. Byram & *800 Co., 149 So. 118 (La.App. 2nd Cir.1933). Under C.C. Art. 3078, an agreement may not be attacked on account of any error in law.
The plaintiffs also contend the compromise should be set aside because it contains a vow of secrecy and deprives them of their right to freedom of speech. The law which applies to this petition in recission [sic] is expressed in the La.Civil Code, Arts. 3071-3083. As a matter of law, the contention that the plaintiffs were deprived of their freedom of speech is not grounds for recission [sic] of the compromise.
It should be noted that the Court accepts all of the allegations of the plaintiffs as true for the purposes of determining whether or not the plaintiffs have stated a cause of action against the above-named defendants. Although there are allegations of misrepresentation by the attorney for the plaintiff at the time of the compromise agreement, there are no allegations of fraud or misrepresentation on the part of any of the defendants that have filed exceptions.”
The purpose of an exception of no cause of action is to determine the sufficiency of law in the petition. The correctness of the well-pleaded allegations of fact is conceded and the issue is whether the face of the petition presents a case which legally entitles the plaintiff to the redress which is sought. Mercier v. Flugence, 408 So.2d 52 (La.App. 3d Cir.1981). The trial court correctly addressed these issues in the case sub judice.
Moreover, the trial court correctly held that plaintiffs’ petition states an error of law, not an error of fact. Compromises can not be attacked on account of any error in law. La.C.C. art. 3078.
Plaintiffs unconvincingly color the error as one in fact or one as to the matter in dispute. Plaintiffs cite several cases[1] in support of this position, each distinguishable on the issue of the parties’ intent at the time the release was executed. In this case, plaintiffs do not allege that they did not intend to release all claims at the time they executed the agreement. Plaintiffs clearly intended to compromise all claims. They simply made an error of law as to which items of recovery existed in their favor.
For the above and foregoing reasons the judgment of the trial court is affirmed with costs cast to plaintiffs.
AFFIRMED.
PAVY, J. Pro Tern., concurs.

. Appellants rely on several cases which are not analogous to the present case. In Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961), the court rescinded the compromise agreement because plaintiff proved that she did not intend to release the defendant from her claim for personal injuries. Harris v. Stockman, 197 So.2d 365 (La.App. 2d Cir.1967), the court found that plaintiffs had no intention of releasing defendant from personal injury claims and, therefore, rescinded the compromise agreement because of an error as to the matter in dispute. Plaintiffs’ reliance on Succession of Ramp, 252 La. 660, 212 So.2d 419 (La.1968) and Berger v. Fireman’s Fund Insurance Company, 305 So.2d 724 (La.App. 4th Cir. 1974), is similarly misplaced.