BYRNES, Judge.
Plaintiffs, the Congregation of St. Patrick’s Roman Catholic Church and others (the Church), appeal the denial of their application for writs for prohibition of the issuance or revocation of alcohol permits against the City of New Orleans and Michele Jacobs, owner of Michaul’s Restaurant, d/b/a Michaul’s Live Cajun Music Restaurant. We affirm.
In 1988, Michele Jacob (Michaul’s) instituted proceedings to obtain alcoholic beverage permits (ABO permits) for “Michaul’s Live Cajun Music Restaurant,” to be located at 701 Magazine Street, in waiver of the area ABO moratorium created under Ordinance Number 9993, M.C.S. Waiver is provided under section two of that ordinance.
*416 In compliance with section two of the moratorium, the Downtown Development District (DDD) and the Central Business District Historic Landmarks Commission (CBD/HDLC) investigated the waiver. Both agencies recommended the waiver, subject to certain provisions, including the requirement that food sales constitute at least 50 percent of the business’ monthly gross sales.
The City Council granted the waiver subject to certain provisions. The provisions included that the sale of foods must constitute at least 50 percent of the monthly gross sales, under Ordinance Number 12911, M.C.S. With the acquired waivers, Michaul’s then submitted its application for the ABO permits. Based on its conclusion that Michaul’s is a bona fide restaurant, the City issued ABO permits through its Finance Department.
On December 14,1989, the Church filed a Petition for Writ of Certiorari, Prohibition and Mandamus, and alternatively for Writ of Injunction, in Civil District Court, to prevent the City from issuing permits or revoking the ABO permits if issued. On January 16, the trial court ruled that Mi-chaul’s was a “restaurant,” and denied the Church’s writs. From' that decision the Church appeals.
On appeal, the Church contends that the trial court erred in (1) denying the Church's suit on the basis that the nature of Mi-chaul’s business was that of a “bona fide restaurant”, rather than a “cabaret”, thus exempting it from the provisions of the 300 foot prohibition of Sec. 5-45 of the City Code; (2) failing to reach the issue, and find that, Michaul’s premises is within 300 feet of the Church, therefore subject to the prohibition of Sec. 5-45 of the City Code; (3) failing to grant relief to the Church by way of Writ of Mandamus, Prohibition, and Certiorari, to the City of New Orleans, ordering it to rescind, recall, and vacate, the ABO permit issued through its Finance Department to Michaul’s Restaurant.
On the first assignment of error, the Church contends that the trial court erred in denying its suit on the basis that the nature of Michaul’s business was a “bona fide restaurant”, rather than a “cabaret”, thus exempting it from the provisions of the 300 foot prohibition of Sec. 5-45 of the City Code. Section 5-45 of the City Code prohibits the issuance of ABO permits within 300 feet of a Church. However, Section 5-47 of the City Code exempts “restaurants” from Section 5-45. “Restaurants” is defined in City law, which coincides with State law. Section 5-48 of the City Code defines restaurant as “An establishment where food is prepared for consumption on the premises, which sale constitutes 50 percent or more of the revenues of said establishment.” The City, in Comprehensive Zoning Ordinance, Number 4264, M.C.S., defines a “standard restaurant” as an establishment “whose principal business is the sale of foods” to be consumed on the premises. State law has consistent definitions. La.R.S. 26:73(B); La.R.S. 26:272(B). In the reasons for judgment, the trial court found that “the business in question, if operated in accord with the requirements of Ordinance 12991, is not a use prohibited by Sec. 5-45 of the City Code, but is a bona fide restaurant.” By limiting its business operation so that the sale of foods constitutes fifty percent of its gross sales, Michaul’s complies with City Ordinance 12991, in addition to complying with the City Code and Zoning Ordinances. Therefore, the trial court did not abuse its discretion in determining that Michaul’s was a restaurant, thus exempting it from Sec. 5-45 of the City Code.
In its second assignment of error, the Church appeals the trial court’s failing to reach the issue, and find that, Michaul’s premises is within 300 feet of the Church, therefore subject to the prohibition of Sec. 5-45 of the City Code. Since Michaul’s business has been classified as a restaurant, it is unnecessary to reach the issue of the distance between Michaul’s Restaurant and the Church for purposes of the prohibition stated in Section 5-45 of the City Code.
However, the Church contends that Section 5-45 of the City Code should be interpreted to deny ABO permits to “Cabarets” and all “other places where alcoholic beverage are sold at retail, ...” without *417 regard for Section 5-47. But rules of statutory interpretation state that, the general provisions of Section 5-45 must be read constrictively to the specific exceptions of Section 5-47. Ogea v. Ogea, 378 So.2d 984, (La.App. 3rd Cir.1979) writ denied 379 So.2d 1104, Succession of Ramp, 205 So.2d 86 (La.App. 4th Cir.1967) affirmed 252 La. 660, 212 So.2d 419, (1968). Section 5-47 of the City Code expressly exempts restaurants, hotels, and fraternal organizations, from the prohibition of Section 5-45. Since Michaul’s business is classified as a restaurant, the prohibition of Section 5-45 does not apply.
The third assignment of error of the Church is that the trial court failed to grant relief of the Church by way of Writ of Mandamus, Prohibition and Certiorari, to the City of New Orleans, ordering it to rescind, recall, and vacate, the ABO permit issued through its Finance Department to Michaul’s Restaurant. This issue is moot since the ABO permit issued by the City, through its Finance Department, based on Ordinance Number 12991 is proper and not subject to Section 5-45 of the City Code.
For the foregoing reasons, we affirm the opinion of the trial court. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.